**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DESMOND ARNEZ MILLS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:25-CV-724-SRW |
| RICHARD ADAMS, | ) ) ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 filed by petitioner Desmond Arnez Mills. Petitioner filed a motion for leave to proceed without prepayment of the required filing fees and costs (ECF No. 2), but has since paid the required filing fee, so this motion will be denied as moot. Because it appears that Petitioner has not fully presented his claims to the Missouri courts, the petition will be dismissed for failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

### The Petition

Petitioner, an inmate at Eastern Reception Diagnostic and Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. As background, a review of Missouri's CaseNet system indicates that on April 11, 2019, Petitioner was convicted by a jury of first-degree murder, armed criminal action, and unlawful use of a weapon. *State v. Mills*, No. 1722-CR01106-01 (St. Louis City Cir. Ct.). On June 20, 2019, he was sentenced to life without the possibility of parole. The Court of Appeals affirmed the judgment of the trial court in an opinion issued on March 30, 2021. *State v. Mills*, 623 S.W.3d 717 (Mo. App. E.D. 2021). On May 24,

2021, Petitioner filed a post-conviction relief motion under Supreme Court Rule 29.15. *Mills v. State*, No. 2122-CC01009 (St. Louis City Cir. Ct.). This motion was denied on December 2, 2024. Petitioner's appeal is now before the Court of Appeals in case number ED113258.

Petitioner raises four grounds in his petition. First, he alleges ineffective assistance of counsel as to his trial attorney, appellate attorney, and his post-conviction relief attorney.[1] Second, he alleges that two police officers submitted false evidence and affidavits at trial. Third, he contends that the trial judge was biased. Fourth, he alleges that a plea offer was not relayed properly.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

> (A) the applicant has exhausted the remedies available in the courts of the State . . .

In *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal

---

[1] He lists several reasons why all his attorneys were ineffective. He alleges his trial attorney failed to cross-examine a witness properly, failed to investigate another possible suspect, and failed to obtain certain evidence that Petitioner requested. He claims his appellate and post-conviction relief attorneys also failed to investigate evidence and failed to include all the issues that Petitioner wanted in his appeal and post-conviction relief motion.

courts may entertain a collateral attack upon that judgment." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" *Duncan*, 533 U.S. at 179 (citing *Rose*, 455 U.S. at 518). "The exhaustion rule promotes comity in that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* (internal quotations and citations omitted). As stated by the Court in *O'Sullivan*, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."

Therefore, before federal habeas relief can be granted, a person in state custody is required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. In Missouri, exhaustion includes filing a direct appeal of the denial of a motion for post-conviction relief. Mo. R. Crim. P. 24.035(k). Petitioner's appeal of the denial of his post-conviction relief is still pending in state court.

Unfortunately, Petitioner's application for habeas relief with this Court is premature. Because there is no possibility that petitioner has exhausted his available state remedies, the petition shall be dismissed without prejudice. 28 U.S.C. § 2254(b); Rule 4 of the Rules Governing § 2254 Cases.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed in forma pauperis is **DENIED** as moot. [ECF No. 2]

**IT IS FURTHER ORDERED** that Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** without prejudice as prematurely filed.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of August, 2025.

                                                              *Audrey G. Fleissig*
                                                          AUDREY G. FLEISSIG
                                                          UNITED STATES DISTRICT JUDGE